Paul R. Cort, State Bar No. 184336
Earthjustice
50 California Street
San Francisco, CA 94111
Tel: 415-217-2000/Fax: 415-217-2040
pcort@earthjustice.org

Kathleen Riley, *Pro Hac Vice* Pending
Neil Gormley, *Pro Hac Vice* Pending
Earthjustice
1001 G St NW, Suite 1000
Washington, DC 20001
Tel: 202-667-4500/Fax: 202-667-2356
kriley@earthjustice.org
ngormley@earthjustice.org

*Counsel for Plaintiffs Sierra Club, Air Alliance Houston, Center for Biological Diversity, and Texas Environmental Justice Advocacy Services*

Zachary Fabish, State Bar No. 247535
Sierra Club
50 F Street, NW, 8th Floor
Washington, DC 20001
(202) 675-7917
zachary.fabish@sierraclub.org

*Counsel for Plaintiff Sierra Club*

Hayden Hashimoto, State Bar No. 325150
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(808) 342-8837
hhashimoto@catf.us

*Counsel for Plaintiffs Citizens for Pennsylvania's Future and Clean Air Council*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SIERRA CLUB; AIR ALLIANCE HOUSTON; CENTER FOR BIOLOGICAL DIVERSITY; CITIZENS FOR PENNSYLVANIA'S FUTURE; CLEAN AIR COUNCIL; and TEXAS ENVIRONMENTAL JUSTICE ADVOCACY SERVICES, | Civil Action No. _____ |
| *Plaintiffs,* | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. |  |
| MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency, |  |
| *Defendant.* |  |

## INTRODUCTION

1.      Ground-level ozone, also called smog, seriously harms human health and the environment. Exposure to ozone, whether at high levels over short periods of time, or at lower levels sustained over longer periods of time, impairs breathing, inflames lungs, sends people to the hospital, and can even kill. Ozone pollution also harms plants and ecosystems.

2.      Ozone forms in the air when its precursors, nitrogen oxides and volatile organic compounds, react in the presence of sunlight. These precursor pollutants are emitted from numerous sources—for example, power plants, chemical plants, oil and gas production, and vehicles. Both ozone and its precursor pollutants travel across state lines and contribute to unhealthy ozone levels in downwind states.

3.      The Clean Air Act requires the United States Environmental Protection Agency ("EPA") to set health- and welfare-protective national standards limiting the concentration of ozone

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

allowed in the outdoor air. 42 U.S.C. § 7409(a), (b). The Act also includes a "Good Neighbor" provision that requires upwind states to control the pollution emitted within their borders that significantly contributes to violations of the standards in downwind areas. 42 U.S.C. § 7410(a)(2)(D)(i)(I).

4.      States must submit to EPA plans to attain the standards and to satisfy the Good Neighbor provision. 42 U.S.C. § 7410(a)(1). If a state fails to submit a Good Neighbor plan or submits an inadequate Good Neighbor plan, EPA must promulgate a federal plan instead. 42 U.S.C. § 7410(c)(1).

5.      In 2015, EPA strengthened the national ozone standard, triggering a requirement for states to adopt plans implementing the Good Neighbor provision and submit them "within 3 years" to EPA for approval. 42 U.S.C. § 7410(a); 80 Fed. Reg. 65,292 (Oct. 26, 2015).

6.      On December 5, 2019, and effective January 6, 2020, EPA found that four states failed to submit complete plans: New Mexico, Pennsylvania, Utah, and Virginia.[1] 84 Fed. Reg. 66,614 (Dec. 5, 2019) (effective Jan. 6, 2020). This finding triggered EPA's obligation to promulgate federal plans for the four states within two years, or by January 6, 2022. 42 U.S.C. § 7410(c)(1).

7.      Separately, EPA missed its deadline to approve or disapprove Good Neighbor plans submitted by thirty-two additional states. Plaintiffs Sierra Club, Air Alliance Houston, Center for Biological Diversity, and Texas Environmental Justice Advocacy Services, among others, sued to compel the overdue action, and this Court entered a consent decree. *See* Consent Decree, *Downwinders*, No. 4:21-cv-03551-DMR (N.D. Cal. Jan. 12, 2022).

---

[1] EPA also found that Maine, Rhode Island, and South Dakota failed to submit adequate plans. 84 Fed. Reg. 66,614 (Dec. 5, 2019). These states are not at issue in this complaint because EPA subsequently approved new plans from these states. 85 Fed. Reg. 67,653 (South Dakota); 86 Fed. Reg. 45,870 (Maine); 86 Fed. Reg. 70,409 (Rhode Island).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

8.      In accordance with that consent decree, on February 28, 2022, EPA signed proposed federal Good Neighbor plans for 22 states.[2] At the same time, EPA also signed proposed federal Good Neighbor plans for Pennsylvania, Utah, and Virginia.[3] These proposals are expected to be published shortly in the Federal Register. However, as of the date of this filing, EPA has not finalized federal Good Neighbor plans for Pennsylvania, Utah, and Virginia, and has neither proposed nor finalized a federal Good Neighbor plan for New Mexico.

9.      EPA has failed to promulgate federal Good Neighbor plans for New Mexico, Pennsylvania, Utah, and Virginia by January 6, 2022. This failure violates the Clean Air Act. Thus, Sierra Club, Air Alliance Houston, Center for Biological Diversity, Citizens for Pennsylvania's Future, Clean Air Council, and Texas Environmental Justice Advocacy Services (collectively, "Plaintiffs") seek both declaratory relief and an order to compel the Administrator to promptly promulgate final federal Good Neighbor plans for these four states.

## JURISDICTION, VENUE, DIVISIONAL ASSIGNMENT, AND NOTICE

10.      This is an action to compel the Administrator to perform a non-discretionary act or duty under the Clean Air Act. 42 U.S.C. § 7604(a)(2); *id.* § 7410(a)(2)(D)(i)(I), (c)(1). This Court has jurisdiction pursuant to section 7604(a)(2) of the Act; 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1361 (action to compel an officer of the U.S. to perform [their] duty).

---

[2] Including Alabama, Arkansas, California, Illinois, Indiana, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New York, Ohio, Oklahoma, Tennessee, Texas, West Virginia, Wisconsin, and Wyoming. *See* EPA, Federal Implementation Plan Addressing Regional Ozone Transport for the 2015 Ozone, available at: https://www.epa.gov/system/files/documents/2022-03/nprm_transport-fip_2060-av5_prepublication.pdf (not yet published in the Federal Register).

[3] *Id.* EPA also signed a proposal to correct its prior approval of Delaware's Good Neighbor plan and issue a federal plan. *Id.*

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

11.     This Court may grant the relief Plaintiffs request pursuant to 42 U.S.C. § 7604(a)(2); the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202; and 28 U.S.C. § 1361.

12.     By certified mail postmarked January 7, 2022, with a courtesy copy sent by electronic mail, Plaintiffs provided the Administrator with written notice of this action as required by the Clean Air Act, 42 U.S.C. § 7604(b)(2), and 40 C.F.R. § 54.1-54.3.

13.     Venue is vested in this Court under 28 U.S.C. § 1391(e) because this suit names an officer of an agency of the United States acting in their official capacity, no real property is involved in this action, and Plaintiff Sierra Club resides in this judicial district. Additionally, EPA maintains an office in San Francisco.

14.     This case is properly assigned to the Oakland Division of this Court because Sierra Club resides in Oakland. Civil L.R. 3-2(c), (d).

## PARTIES

15.     Plaintiff Sierra Club is a nonprofit corporation organized and existing under the laws of the State of California, with its headquarters located in Oakland, California. The Sierra Club is a national membership organization dedicated to the protection of public health and the environment, including clean air, with over 780,000 members who reside in all 50 states, the District of Columbia, and U.S. territories.

16.     Plaintiff Air Alliance Houston is a nonprofit corporation organized and existing under the laws of the State of Texas, with its headquarters in Houston, Texas. Air Alliance Houston works to reduce air pollution in the Houston region to protect public health and environmental integrity through research, education, and advocacy.

17.     Plaintiff Center for Biological Diversity is a nonprofit conservation organization incorporated under the laws of the State of California, headquartered in Tucson, Arizona, and with an office in Oakland, California. The Center for Biological Diversity has approximately

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

84,000 members throughout the United States and the world. The Center for Biological Diversity's mission is to ensure the preservation, protection, and restoration of biodiversity, native species, ecosystems, public lands and waters, and public health through science, policy, and environmental law. Based on the understanding that the health and vigor of human societies and the integrity and wildness of the natural environment are closely linked, the Center for Biological Diversity is working to secure a future for animals and plants hovering on the brink of extinction; the ecosystems they need to survive; and a healthy, livable future for all of us.

18.     Plaintiff Citizens for Pennsylvania's Future ("PennFuture"), a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, is a nonprofit organization dedicated to the transition to a clean energy economy and the protection of air, water, and land.

19.     Plaintiff Clean Air Council is a non-profit environmental organization, organized under the laws of the Commonwealth of Pennsylvania. Clean Air Council's mission is to protect and defend everyone's right to breathe clean air.

20.     Plaintiff Texas Environmental Justice Advocacy Services is a nonprofit organization organized and existing under the laws of the State of Texas, with its headquarters in Houston, Texas. Texas Environmental Justice Advocacy Services advances environmental justice through education, policy development, community outreach, and legal action to achieve a healthy environment for all, regardless of race or income.

21.     Collectively, Plaintiffs have members living, working, and engaging in outdoor activities in all 50 states, Washington, D.C., and U.S. territories, including in the downwind areas that receive pollution from states for which EPA has failed to promulgate federal Good Neighbor plans.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    22.    Defendant Michael S. Regan is the Administrator of the U.S. Environmental Protection

2    Agency. Administrator Regan is charged with the duty to uphold the Clean Air Act and to take

3    required regulatory actions according to the schedules established by the Act.

4                         **FACTUAL BACKGROUND: OZONE**

5    23.    Ozone, the main component of smog, is a corrosive air pollutant that inflames the lungs,

6    constricts breathing, and can kill. *See Am. Trucking Ass'ns v. EPA*, 283 F.3d 355, 359 (D.C. Cir.

7    2002); 80 Fed. Reg. 65,292, 65,308/3-309/1 (Oct. 26, 2015); EPA, Integrated Science

8    Assessment for Ozone and Related Photochemical Oxidants at 2-20 to -24 tbl.2-1, EPA-HQ-

9    OAR-2008-0699-0405 (Feb. 2013) ("ISA"). It causes and exacerbates asthma attacks,

10   emergency room visits, hospitalizations, and other serious health harms. *E.g.*, EPA, Policy

11   Assessment for the Review of the Ozone National Ambient Air Quality Standards at 3-18, 3-26

12   to -29, 3-32, EPA-HQ-OAR-2008-0699-0404 (Aug. 2014) ("PA"); ISA 2-15 to -18, 2-20 to -24

13   tbl.2-1. The health harms caused by ozone pollution can force children and adults to stay indoors,

14   take medication, and miss work or school. *E.g.*, PA 4-12.

15   24.    Ozone can harm anyone, but children and some adults are more vulnerable. *See* 80 Fed.

16   Reg. at 65,310. Because children's respiratory tracts are not fully developed, they are especially

17   vulnerable to ozone pollution, particularly when they are breathing more quickly, such as when

18   playing outdoors. *E.g.*, *id.* at 65,310/3, 65,446/1; PA 3-81 to -82. Older people and people living

19   with lung disease also have heightened vulnerability. *See* 80 Fed. Reg. at 65,310/3. And people

20   living with asthma suffer more severe impacts from ozone exposure and are more vulnerable at

21   lower levels of exposure. *Id.* at 65,311/1 n.37, 65,322/3.

22   25.     Ozone also damages vegetation and forested ecosystems, causing or contributing to

23   widespread stunting of plant growth, tree deaths, visible leaf injury, reduced carbon storage, and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    reduced crop yields. PA 5-2 to -3; ISA 9-1. By harming vegetation, ozone can also damage entire

2    ecosystems, leading to ecological and economic losses. *See* 80 Fed. Reg. at 65,370/1-2, 65,377/3.

3    ## STATUTORY AND REGULATORY BACKGROUND

4    26.    Congress enacted the Clean Air Act "to protect and enhance the quality of the Nation's

5    air resources so as to promote the public health and welfare and the productive capacity of its

6    population." 42 U.S.C. § 7401(b)(1). A "primary goal" of the Act is "pollution prevention." *Id.*

7    § 7401(c). Congress found the Act to be necessary in part because "the growth in the amount and

8    complexity of air pollution brought about by urbanization, industrial development, and the

9    increasing use of motor vehicles, has resulted in mounting dangers to the public health and

10   welfare." *Id.* § 7401(a)(2).

11   27.    The Act requires that EPA establish national ambient air quality standards for certain air

12   pollutants that endanger public health and welfare, referred to as "criteria pollutants." *Id.*

13   §§ 7408-7409. One such criteria pollutant is ground-level ozone. *See* 40 C.F.R. §§ 50.9, 50.10,

14   50.15, 50.19.

15   28.    The national ambient air quality standards establish maximum allowable concentrations

16   of criteria pollutants in ambient air, i.e., outdoor air. Primary standards must be set at a level that

17   protects public health, including that of sensitive populations such as children, the elderly, and

18   people that suffer from asthma—with an adequate margin of safety. 42 U.S.C. § 7409(b)(1).

19   Secondary standards must be set at a level that protects public welfare, including protection

20   against damage to the environment. *Id.* §§ 7409(b)(2), 7602(h). EPA must review and, as

21   appropriate, revise these standards at least every five years. *Id.* § 7409(d)(1).

22   29.    After EPA sets or revises a standard, the Clean Air Act requires EPA to take steps to

23   implement the standard. EPA must "designate" areas as not meeting the standard, or

24   "nonattainment;" meeting the standard, or "attainment;" or, if EPA lacks information to make a

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

designation, "unclassifiable." 42 U.S.C. § 7407(d)(1)(A)-(B). Simultaneous with designations, the Act requires EPA to classify each ozone nonattainment area based on the severity of its ozone pollution. *Id.* § 7511(a)(1) tbl.1. The classifications are, in increasing order, "marginal," "moderate," "serious," "severe," and "extreme." *Id.*

30.     All areas of the country must attain and maintain these standards "as expeditiously as practicable but not later than" specified deadlines. *See id.*; *see also NRDC v. EPA*, 777 F.3d 456, 460 (D.C. Cir. 2014). Areas classified as being in "marginal" nonattainment must attain the ozone standard by a deadline three years from the date they are designated nonattainment, while "moderate" nonattainment areas have six years from the date of designation, and "serious" areas have nine years. 42 U.S.C. § 7511(a)(1) tbl.1. As EPA has consistently recognized, "data from the calendar year prior to the attainment date . . . are the last data that can be used to demonstrate attainment with the [ozone standard] by the relevant attainment date." 83 Fed. Reg. at 65,892.

31.     Within three years after EPA sets or revises a standard, states must adopt and submit to EPA a plan to attain the standard and to satisfy the Good Neighbor provision, by "prohibiting" the pollution that significantly contributes to downwind nonattainment or interferes with downwind maintenance of the standard. 42 U.S.C. § 7410(a)(2)(D)(i)(I); *see Wisconsin v. EPA*, 938 F.3d 303, 313 (D.C. Cir. 2019).

32.     If EPA finds that a state failed to submit a plan or submitted an inadequate plan, the Act requires EPA to promulgate a federal implementation plan within two years. *Id.* § 7410(c)(1).

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1
2

**EPA'S FAILURES TO ACT ON INTERSTATE OZONE POLLUTION
UNDER THE 2015 OZONE STANDARD**

3      33.     EPA strengthened the ozone standards to 70 parts per billion on October 26, 2015, based

4    on an extensive scientific record demonstrating that the prior ozone standards were inadequate to

5    protect public health and welfare. 80 Fed. Reg. 65,292.[4]

6      34.     An area violates the 2015 ozone standards if air monitoring data shows that the three-year

7    average of the annual fourth highest eight-hour daily maximum ozone concentration exceeds 70

8    parts per billion. 40 C.F.R. § 50.15(b).

9      35.     The 2015 strengthening of the ozone standards triggered the requirement for states to

10   submit Good Neighbor plans to EPA within three years. 42 U.S.C. § 7410(a). The three-year

11   deadline for upwind states to submit Good Neighbor plans to EPA under the 2015 ozone

12   standard was October 26, 2018.

13     36.     EPA was required to determine whether a state has submitted a complete plan within six

14   months of that date, or by April 26, 2019. *See* 42 U.S.C. § 7410(k)(1)(B).

15     37.     Because EPA missed the deadline to determine whether New Mexico, Pennsylvania,

16   Utah, and Virginia submitted complete plans, Sierra Club and, separately, the states of New

17   Jersey and Connecticut, filed suit.[5] In response, EPA determined that New Mexico,

18   Pennsylvania, Utah, and Virginia had failed to submit complete plans. 84 Fed. Reg. 66,612 (Dec.

---

[4] The most recent data indicates that the 2015 standard is inadequate to protect public health and the environment, and EPA is currently deciding whether to further strengthen the standard. *See* EPA, EPA to Reconsider Previous Administration's Decision to Retain 2015 Ozone Standards (Oct. 29, 2021), available at https://www.epa.gov/ground-level-ozone-pollution/epa-reconsider-previous-administrations-decision-retain-2015-ozone.

[5] Complaint, *Sierra Club v. Wheeler*, No. 1:19–cv–02923 (D.D.C. filed Sept. 30, 2019) (regarding Arkansas, Hawaii, Louisiana, Maine, Maryland, Mississippi, New Mexico, Pennsylvania, Rhode Island, Utah, Vermont, and Virginia.); Complaint, *New Jersey v. Wheeler*, No. 1:19–cv–03247 (D.D.C. filed Oct. 29, 2019) (regarding Pennsylvania and Virginia).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

5, 2019) (effective Jan. 6, 2020). This finding triggered EPA's obligation to promulgate federal Good Neighbor plans for these states within two years. 42 U.S.C. § 7410(c)(1).

38.     The two-year deadline for EPA to promulgate federal Good Neighbor plans for these four states was January 6, 2022. *See id.*; 84 Fed. Reg. 66,614 (Dec. 5, 2019) (effective Jan. 6, 2020).

39.     On February 28, 2022, EPA signed proposed federal Good Neighbor Plans for Pennsylvania, Utah, Virginia, and 23 additional states.[6] These proposals are expected to be published shortly in the Federal Register. However, as of the date of this filing, EPA has not finalized federal Good Neighbor plans for Pennsylvania, Utah, and Virginia, and has neither proposed nor finalized a federal Good Neighbor plan for New Mexico. Thus, EPA has failed to discharge its nondiscretionary duty under 42 U.S.C. § 7410(c)(1) to promulgate federal Good Neighbor plans for New Mexico, Pennsylvania, Utah, and Virginia.

40.     The deadline for moderate nonattainment areas to attain the 2015 ozone standards is August 2024.[7] Because several of the downwind states include moderate nonattainment areas,[8] federal Good Neighbor plans must implement pollution reductions by the 2023 ozone season— that is, by May 2023—to enable downwind areas to timely demonstrate attainment. *See Wisconsin*, 938 F.3d 303, 313 (D.C. Cir. 2019); 83 Fed. Reg. at 65,892 ("data from the calendar

---

[6] Alabama, Arkansas, Delaware, California, Illinois, Indiana, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New York, Ohio, Oklahoma, Tennessee, Texas, West Virginia, Wisconsin, and Wyoming. *See* EPA, Good Neighbor Plan for 2015 Ozone Standards (Feb. 28, 2022), available at: https://www.epa.gov/csapr/good-neighbor-plan-2015-ozone-naaqs.

[7] *See* 42 U.S.C. § 7511(a)(1) tbl.1; EPA, Ozone NAAQS Timelines, https://www.epa.gov/ground-level-ozone-pollution/ozone-naaqs-timelines (last visited Mar. 14, 2022).

[8] *See* EPA, Green Book, 8-Hour Ozone (2015) Designated Area/State Information, https://www3.epa.gov/airquality/greenbook/jbtc.html (last visited Mar. 16, 2022),

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    year prior to the attainment date . . . are the last data that can be used to demonstrate attainment

2    with the [ozone standard] by the relevant attainment date.").

3                                    **PLAINTIFFS' INJURIES**

4    41.    EPA's unlawful delay harms millions of people, including Plaintiffs' members, who live,

5    work, or recreate in areas that fail to attain or struggle to maintain the 2015 ozone standard.

6    These include areas whose failures to meet or maintain the standard are attributable in part to

7    interstate pollution originating in the four states for which EPA has failed to promulgate federal

8    Good Neighbor plans by the deadline identified by 42 U.S.C. § 7410(c)(1).

9    42.    Elevated ozone levels, including levels that exceed the 2015 standard of 70 parts per

10   billion, harm Plaintiffs' members' health and force them to limit outdoor activities that they

11   would otherwise be able to engage in. And Plaintiffs' members' reasonable concerns about the

12   health harms of their ozone exposure diminish their enjoyment of their outdoor activities.

13   43.    Plaintiffs' members' interests in using and enjoying the environment of areas that fail to

14   meet or struggle to maintain the 2015 standard are further harmed because elevated levels of

15   ozone damage plant life, aquatic life, and natural ecosystems. Ozone damage to vegetation can

16   lead to wildlife avoidance of certain areas, as well as a reduction in biodiversity or other changes

17   to local ecosystems, making it more difficult for Plaintiffs' members to observe, cultivate,

18   harvest, study, research, photograph, and write about wildlife, plants, and ecosystems.

19   44.    EPA's failures here also harm Plaintiffs' members by nullifying or delaying measures

20   and procedures mandated by the Act to protect their health from ozone pollution. EPA's failure

21   to promulgate federal Good Neighbor plans deprives Plaintiffs and their members of procedural

22   rights and protections to which they would otherwise be entitled, including, but not limited to,

23   the right to judicially challenge final federal Good Neighbor plans that fail to protect their

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   members, and the right to enforce federal Good Neighbor plans to remedy and prevent violations

2   of the 2015 ozone standard.

3   45.     EPA's failures here also harm Plaintiffs and their members by depriving them of relevant

4   information, including, but not limited to, EPA's findings and analysis in support of final federal

5   Good Neighbor plans and the contents of final federal Good Neighbor plans. If Plaintiffs had

6   access to such information, they would use it to, among other things: educate their members and

7   the public about interstate ozone pollution; advocate for adoption of adequate measures to bring

8   areas that continue to violate that standard into compliance; and more efficiently target Plaintiffs'

9   actions to promote effective implementation of the 2015 ozone standard. This absence of

10  information impairs Plaintiffs' ability to perform certain programmatic functions essential to

11  their missions, such as advocating for state or federal adoption of measures adequate to bring

12  areas that continue to violate the standard into compliance and educating members and the public

13  about cross-state ozone pollution and these protective measures.

14  46.     Accordingly, the health, recreational, aesthetic, procedural, informational, and

15  organizational interests of Plaintiffs and their members have been and continue to be harmed by

16  the acts and omissions of EPA alleged here.

17  47.     A court order requiring EPA to promptly promulgate final federal Good Neighbor plans

18  for New Mexico, Pennsylvania, Utah, and Virginia would redress Plaintiffs' and Plaintiffs'

19  members' injuries.

20                                  **CLAIM FOR RELIEF**

21  48.     The allegations of all foregoing paragraphs are incorporated as if set forth fully below.

22                            <u>Violation of the Clean Air Act</u>

23  49.     The deadlines for EPA to promulgate final federal Good Neighbor plans under the 2015

24  ozone standard for New Mexico, Pennsylvania, Utah, and Virginia expired on January 6, 2022.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

50.     As of the date of this Complaint, the Administrator has failed to promulgate final federal Good Neighbor plans under the 2015 ozone standard for these four states.

51.     This constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary" within the meaning of the Clean Air Act, 42 U.S.C. § 7604(a)(2), and violates the Act. EPA's violations are ongoing and will continue unless remedied by this Court.

**RELIEF REQUESTED**

Plaintiffs respectfully request that the Court:

(1)   Declare that EPA's failure to promulgate final federal Good Neighbor plans under the 2015 ozone standard for New Mexico, Pennsylvania, Utah, and Virginia by the deadline required by 42 U.S.C. § 7410(c)(1) constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary" within the meaning of 42 U.S.C. § 7604(a)(2);

(2)   Enjoin the Administrator from continuing to violate the above-described nondiscretionary duty for each of the four states;

(3)   Order the Administrator to promulgate final federal Good Neighbor plans under the 2015 ozone standard for New Mexico, Pennsylvania, Utah, and Virginia by a date certain;

(4)   Retain jurisdiction to ensure compliance with the Court's decree;

(5)   Award Plaintiffs the costs of this action, including attorney's fees; and,

(6)   Grant such other relief as the Court deems just and proper.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  DATED: March 29, 2022

2  Respectfully Submitted,

/s/ Hayden Hashimoto
Hayden Hashimoto, State Bar No. 325150
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(808) 342-8837
hhashimoto@catf.us

*Counsel for Plaintiffs Citizens for
Pennsylvania's Future and Clean Air
Council*

/s/ Paul R. Cort
Paul R. Cort, State Bar No. 184336
Earthjustice
50 California Street
San Francisco, CA 94111
pcort@earthjustice.org
Tel: 415-217-2000/Fax: 415-217-2040

Kathleen Riley, *Pro Hac Vice* Pending
Neil Gormley, *Pro Hac Vice* Pending
Earthjustice
1001 G St NW, Suite 1000
Washington D.C 20001
(202) 667-4500
kriley@earthjustice.org
ngormley@earthjustice.org

*Counsel for Plaintiffs Sierra Club, Air Alliance
Houston, Center for Biological Diversity, and
Texas Environmental Justice Advocacy
Services*

Zachary M. Fabish, State Bar No. 247535
Sierra Club
50 F Street, NW, 8th Floor
Washington, DC 20001
(202) 675-7917
zachary.fabish@sierraclub.org

*Counsel for Plaintiff Sierra Club*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF