UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

SIERRA CLUB, et al.,

        Plaintiffs,

  v.

MICHAEL S. REGAN, in his official capacity as Administrator, United States Environmental Protection Agency

        Defendant.

Case No. 3:22-cv-01992-JD

~~[PROPOSED]~~ CONSENT DECREE

WHEREAS, plaintiffs Sierra Club, Air Alliance Houston, Center for Biological Diversity, Citizens for Pennsylvania's Future, Clean Air Council, and Texas Environmental Justice Advocacy Services ("Plaintiffs") filed their complaint in this action in the United States District Court for the Northern District of California on March 29, 2022;

WHEREAS, Plaintiffs' complaint alleged that defendant Michael S. Regan in his official capacity as Administrator of the U.S. Environmental Protection Agency ("EPA") has failed to perform a non-discretionary duty under the Clean Air Act ("CAA") section 110(a)(2)(D)(i)(I) and (c)(1), 42 U.S.C.§ 7401(a)(2)(D)(i)(I) and (c)(1), and that such alleged failure is actionable under section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2);

WHEREAS, the Parties to this Consent Decree are Plaintiffs and EPA;

WHEREAS, on October 1, 2015, pursuant to CAA section 109(a)(1), 42 U.S.C. § 7409(d)(1), EPA promulgated a final rule revising the ozone National Ambient Air Quality

Standards ("NAAQS"), *Final Rule,* 80 Fed. Reg. 65,292 (October 26, 2015) (the "2015 ozone NAAQS");

WHEREAS, pursuant to CAA section 110(a)(1), 42 U.S.C. § 7410(a)(1), within three years after EPA's promulgation of these revised NAAQS, each state was required to submit a State Implementation Plan ("SIP") that provides for the implementation, maintenance, and enforcement of the 2015 ozone NAAQS, including an "interstate transport SIP" addressing the requirements of CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. 7410(a)(2)(D)(i)(I);

WHEREAS, pursuant to CAA section 110(c)(1), 42 U.S.C. § 7410(c)(1), EPA "shall promulgate a Federal implementation plan [("FIP")] at any time within 2 years after the Administrator" finds that a State has failed to make a complete interstate transport SIP submission, unless the State submits and EPA approves a SIP that meets the requirements of CAA section 110(a)(2)(d)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), before EPA promulgates such FIPs;

WHEREAS, effective January 6, 2020, EPA determined that New Mexico, Pennsylvania, Utah, and Virginia had "not submitted complete interstate transport [SIPs] to meet the requirements of CAA section 110(a)(2)(D)(i)(I) for the 2015 ozone NAAQS[.]" 84 Fed. Reg. 66,612, 66,614 (Dec. 5, 2019);

WHEREAS, Plaintiffs allege that EPA has failed to promulgate a FIP for New Mexico, Pennsylvania, Utah, and Virginia that meets the requirements of CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), for the 2015 ozone NAAQS;

WHEREAS, the United States Court of Appeals for the District of Columbia Circuit has held that interstate transport obligations under CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), must be addressed consistent with Title I of the Clean Air Act, 42 U.S.C. §§

7401-7515, including resolving obligations "in concert" with the downwind attainment dates, *Wisconsin v. EPA*, 938 F.3d 303, 315-318 (D.C. Cir. 2019);

WHEREAS, the next attainment date for the 2015 ozone NAAQS for Moderate nonattainment areas is "as expeditiously as practicable but not later than" August 3, 2024, CAA section 181(a), 42 U.S.C. § 7511(a); 40 C.F.R. § 51.1303; 83 Fed. Reg. 25,776 (June 4, 2018, effective Aug. 3, 2018);

WHEREAS, EPA has proposed FIPs for Pennsylvania, Utah, and Virginia, as well as twenty-three other states, to satisfy the requirements of CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), for the 2015 ozone NAAQS, and has proposed that certain compliance obligations under those plans, if finalized, would begin in the 2023 ozone season, 87 Fed. Reg. 20,036 (April 6, 2022);

WHEREAS, more than sixty days have passed since Plaintiffs, under 42 U.S.C. § 7604(b)(2), notified EPA of their intent to bring this action;

WHEREAS, the relief requested in the Complaint includes, among other things, an order from this Court to establish dates certain by which EPA must fulfill its alleged obligations;

WHEREAS, the Parties have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate this settlement;

WHEREAS, it is in the interest of the public, the Parties and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the Parties agree that this Court has jurisdiction over the claims set forth in the complaint and to order the relief contained in this Consent Decree;

WHEREAS, the Parties agree that venue is proper in the United States District Court for the Northern District of California;

WHEREAS, the Parties agree that no party to this Consent Decree shall challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree; and

WHEREAS, the Court finds and determines that the settlement represents a just, fair, adequate, and equitable resolution of all claims raised in this action.

NOW THEREFORE, before the taking of testimony, without trial or determination of any undecided issues of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED that:

1. No later than March 15, 2023, the Administrator shall sign a final rule or rules taking one or more of the following actions with respect to the States of Pennsylvania, Utah, and Virginia to meet the requirements of CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), regarding prohibiting significant contribution to nonattainment or interference with maintenance in other states for the 2015 8-hour ozone NAAQS: (a) promulgating a FIP; (b) approving a SIP; or (c) approving in part a SIP in conjunction with promulgating a partial FIP.

   a. Not later than five (5) business days following signing of the notices of final rulemaking required under paragraph 1, EPA shall deliver such notices to the Office of the Federal Register for prompt publication. Following such delivery to the Office of the Federal Register, EPA shall not take any action, other than is necessary to correct any typographical errors or other errors in form, to delay or otherwise interfere with the publication of such notices in the Federal Register.

On or before the date by which EPA transmits the signed notices to the Office of Federal Register for publication, EPA shall request in writing that the Office of Federal Register take all necessary steps to publish the notices expeditiously.

    b. Not later than one (1) business day following signing of the notices of final rulemaking required under paragraph 1, EPA shall make publicly available copies of such notices.

2. No later than June 1, 2024, the Administrator shall sign a final rule or rules taking one or more of the following actions with respect to the State of New Mexico to meet the requirements of CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), regarding prohibiting significant contribution to nonattainment or interference with maintenance in other states for the 2015 8-hour ozone NAAQS: (a) promulgating a FIP; (b) approving a SIP; or (c) approving in part a SIP in conjunction with promulgating a partial FIP.

3. Following signature on any action required by paragraph 2, EPA shall promptly deliver notice of such action to the Office of the Federal Register for publication.

4. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA.  Any other provision of this Consent Decree also may be modified by the Court following the filing of a motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.

5. The deadline for filing a motion for costs of litigation (including attorneys' fees) incurred prior to the entry of this Consent Decree is hereby extended until 90 days after this

Consent Decree is entered by the Court.  During this time, the Parties shall seek to resolve informally any claim for costs of litigation (including attorney's fees) and if they cannot, will submit that issue to the Court for resolution or a stipulation or motion to extend the deadline to file such a motion.  Nothing in this Paragraph shall be construed as an admission or concession by EPA that Plaintiffs are entitled to or eligible for recovery of any costs or attorney's fees.

6. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree.  When EPA's obligations under Paragraphs 1 and 2 of this Consent Decree have been completed, and Plaintiffs' claims for costs of litigation have been fully resolved pursuant to the process described in Paragraph 5 hereof, then EPA may move to have this Consent Decree terminated.  Plaintiffs shall have 14 days to respond to such motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

7. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend or revise any final actions contemplated by this Consent Decree.  EPA's obligation to perform one or more of the actions specified in Paragraphs 1 and 2 by the time specified therein does not constitute a modification of EPA's discretion within the meaning of this Paragraph.

8. The Parties agree and acknowledge that final approval and entry of this proposed Consent Decree are subject to the requirements of Clean Air Act section 113(g), 42 U.S.C. § 7413(g). That subsection provides that notice of this proposed Consent Decree be given to the public, that the public shall have a reasonable opportunity to make any comments, and that the Administrator or the Attorney General, as appropriate, must consider those comments in deciding whether to consent to this Consent Decree. If the Administrator and/or the Attorney

General withdraw or withhold consent pursuant to CAA section 113(g), this agreement shall be void and its terms may not be used as evidence in any litigation between the Parties. If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

9. Nothing in this Consent Decree shall be construed to: (a) confer on the District Court jurisdiction to review any final action taken by EPA pursuant to this Consent Decree; (b) confer upon the District Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to Section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1); or (c) waive any claims or defenses that the Parties may have under section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1).

10. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action that EPA may take pursuant to this Consent Decree.

11. In the event of a dispute between the Parties concerning the interpretation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting to confer and attempt to reach an agreement on the disputed issue. The parties shall meet and confer to attempt to resolve the dispute. If the Parties cannot reach an agreed-upon resolution within fourteen (14) days after receipt of the notice, then either party may move the Court to resolve the dispute. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless Plaintiffs have followed the procedure set forth in this Paragraph.

12. EPA's commitments in this Consent Decree are subject to the availability of appropriated funds. No provision of this Consent Decree shall be interpreted as or constitute a

commitment or requirement that EPA obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

13. If a lapse in EPA appropriations occurs within 120 days prior to a deadline set in Paragraphs 1 and 2, the deadline shall be extended automatically by one calendar day for each calendar day of delay caused by the lapse in appropriations. No notice is required to extend time in connection with a lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the Parties or modification of this Consent Decree under Paragraph 4.

14. If for any reason the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the Proposed Consent Decree's terms may not be used as evidence in any litigation between the Parties.

15. The Parties treat this Consent Decree as jointly drafted, and any rules of construction that construe ambiguities in this document against the drafting party shall be inapplicable in any dispute concerning the interpretation of this Consent Decree.

16. This Consent Decree applies to, is binding upon, and inures to the benefit of the Parties and their successors, assigns, and designees. This Consent Decree shall not be construed to create any rights in, or grant any cause of action to, any third party that is not a party to this Consent Decree.

17. Any notices required or provided for by this Consent Decree shall be made in writing via facsimile or other means, and sent to the following or such other person as either Party may subsequently identify in writing to the other Party:

> For Plaintiffs Sierra Club, Air Alliance Houston, Center for Biological Diversity, and Texas Environmental Justice Advocacy Services:

Paul Cort
Earthjustice
50 California Street
San Francisco, CA 94111
pcort@earthjustice.org
(415) 217-2000 (telephone)
(415-217-2040) (fax)

Kathleen Riley
Neil Gormley
Earthjustice
1001 G St NW, Suite 1000
Washington, D.C 20001
(202) 745-5227
kriley@earthjustice.org
ngormley@earthjustice.org

For Plaintiffs Citizens for Pennsylvania's Future and Clean Air Council:

Hayden Hashimoto
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(808) 342-8837
hhashimoto@catf.us

For Plaintiff Sierra Club:

Zachary M. Fabish
Sierra Club
50 F Street, NW, 8th Floor
Washington, DC 20001
(650) 388-8446
zachary.fabish@sierraclub.org

For Defendant:

Section Chief
c/o C. Scott Spear
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 305-1593
scott.spear@usdoj.gov

18. The undersigned representatives of each Party certify that they are fully authorized to consent to the Court's entry of the terms and conditions of this Consent Decree.

The consent decree is approved, and the case is administratively closed.

SO ORDERED on this   24th   day of   January   2023.

_____
HON. JAMES DONATO
United States District Court Judge

ATTORNEYS FOR PLAINTIFFS:

Dated: January 13, 2023

/s/ *Neil Gormley*
Neil Gormley, *Pro Hac Vice*
Kathleen Riley, *Pro Hac Vice*
Earthjustice
1001 G St NW, Suite 1000
Washington, D.C. 20036
202-667-4500
ngormley @earthjustice.org
kriley@earthustice.org

Paul R. Cort, State Bar No. 184336
Earthjustice
50 California Street
San Francisco, CA 94111
415-217-2000
pcort@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Center for Biological Diversity, Air Alliance Houston, and Texas Environmental Justice Advocacy Services*

/s/ *Hayden Hashimoto*
Hayden Hashimoto, State Bar No. 325150
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(808) 342-8837
hhashimoto@catf.us

*Attorney for Plaintiffs Citizens for Pennsylvania's Future and Clean Air Council*

/s/ *Zachary M. Fabish*
Zachary M. Fabish, State Bar No. 247535
Sierra Club
50 F Street, NW, 8th Floor
Washington, D.C. 20001
(650) 388-8446
zachary.fabish@sierraclub.org

*Attorney for Sierra Club*

//

//

//

ATTORNEYS FOR DEFENDANT:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

Dated: January 13, 2023

/s/ C. Scott Spear
C. SCOTT SPEAR
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section

*Attorneys for Defendant*